[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10187

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:08-cv-00749-JA-GJK

THOMAS C. RIDLEY,

Plaintiff - Appellant,

versus

SEARS HOME IMPROVEMENT PRODUCTS, INC.,
d.b.a. Sears, Roebuck And Co.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2011)

Before TJOFLAT, WILSON and SEYMOUR,* Circuit Judges.

PER CURIAM:

_____

* Honorable Stephanie K. Seymour, United States Circuit Judge for the Tenth Circuit,
sitting by designation.

Thomas C. Ridley appeals the district court's entry of partial summary judgment in favor of Sears on his sexual harassment, race discrimination, and constructive discharge claims, as well as a jury verdict for Sears on his retaliation claim, all brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Ridley, an African American male, claimed he was sexually harassed by his male supervisor, who displayed pictures and videos of himself engaging in sex acts with Ridley's female co-workers. Ridley also claimed the same supervisor assigned sales leads in a racially discriminatory manner, giving Ridley fewer "prime" leads than his non-African-American co-workers.

After receiving evidence from both parties, the district court entered summary judgment for Sears on all grounds, except Ridley's retaliation claim. At trial, the parties stipulated that Ridley engaged in protected activity; thus, he would not introduce evidence of his underlying claims. The jury ultimately found Sears did not retaliate against Ridley.

Ridley raises four issues on appeal. First, he argues the district court applied an inappropriate legal standard in determining that he was not sexually harassed. Second, he contends the district court erroneously concluded that he was not subjected to racial discrimination, despite direct and circumstantial evidence to the contrary. Third, he argues his work environment was so

intolerable that he was forced to abandon his job, and the district court erred in concluding otherwise. And finally, he contends that the district court unfairly excluded evidence of his underlying sexual harassment and racial discrimination claims from trial, depriving him of the ability to present the "full weight of evidence" supporting his retaliation claim.[1]

After careful consideration of the parties' briefs and the record in this case, and having the benefit of oral argument, we find no merit to the issues Ridley raises on appeal. Accordingly, we affirm.

**AFFIRMED.**

---

[1] Ridley does not allege in his initial brief that the evidence introduced at trial was insufficient to support a verdict in favor of Sears on his retaliation claim. Accordingly, he has abandoned this argument, and we decline to address it. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 972 (11th Cir. 2008).